**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 95-41014
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICKY LYNN GIBBS,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas
(2:94-CR-7-2)

May 30, 1997

Before POLITZ, Chief Judge, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Ricky Lynn Gibbs appeals his conviction, after a bench trial, for manufacturing phenylacetone, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to manufacture amphetamine, 21 U.S.C. § 846. He contends that the evidence was insufficient to support conviction; he was denied a fair trial because the prosecutor improperly commented on his postarrest silence during his cross examination; his

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

counsel was ineffective for failing to object to the prosecutor's improper questioning; and the government failed to preserve and test evidence before destroying it.

Our review of the record persuades that the evidence is sufficient to support the convictions.[1] We are likewise persuaded that although the prosecutor's question/comment on cross examination of Gibbs about his postarrest silence was improper, and the prosecutor should take care not to repeat the impropriety in future cases, this unobjected to failing, in the context of this bench trial, was not so substantial and prejudicial as to taint Gibbs' trial requiring a reversal.[2]

Gibbs' contention that his trial counsel was ineffective in not objecting to the prosecutor's cross examination is not cognizable at this time on the record before us.[3] Finally, Gibbs has not demonstrated that the government acted in bad faith in destroying the evidence identified by Gibbs.[4]

Finding no reversible error, the convictions and sentences are AFFIRMED.

---

[1] **United States v. Jennings**, 726 F.2d 189 (5th Cir. 1984).

[2] **United States v. Calverley**, 37 F.3d 160 (5th Cir. 1994) (en banc), cert. denied, 115 S.Ct. 1266 (1995).

[3] **United States v. Navejar**, 963 F.2d 732 (5th Cir. 1992).

[4] **Arizona v. Youngblood**, 488 U.S. 51 (1988).